UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH CARDEN, *et al,* | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2141 |
| | § | |
| KAWASAKI MOTORS CORP USA, *et al,* | § | |
| | § | |
| Defendants. | § | |


**MEMORANDUM OPINION AND ORDER**


**I.     INTRODUCTION**

Pending before the Court is the motion to remand (Docket Entry No. 6) of the plaintiffs Keith David Carden, acting individually and as personal representative of Sofia G. Carden's estate, and Veronica Reyes.  In response, Kawasaki Motors Corp. USA, Kawasaki Motors Manufacturing Corp., USA, Kawasaki Heavy Industries, LTD and Kawasaki (collectively, "Kawasaki")[1] filed a response in opposition (Docket Entry No. 10).  After having carefully considered the motion, the response, the record and the applicable law, the Court grants the plaintiffs' motion.

**II.     FACTUAL BACKGROUND**

On July 17, 2007, Sofia Carden bought a 2007 Kawasaki motorcycle from Highlands as a gift for her husband, Keith Carden.  The motorcycle was designed, manufactured and marketed by Kawasaki.  On September 28, 2007, while traveling the Cardens lost control of their motorcycle, killing Sofia Carden and seriously injuring Keith Carden.  An investigation revealed

---

[1] Highlands Tractor & Kawasaki ("Highlands") (collectively with Kawasaki, "the defendants") is also a defendant in this case, but Highlands is not a movant in the present motion.

that the motorcycle's braking system lines had failed, causing the rear wheel to lock up.  Serious braking fluid contaminants put the lines into a non-reversible full braking mode.

The plaintiffs filed suit in the 113th District Court of Harris County, Texas, on August 26, 2009.  The plaintiffs served Kawasaki with their original petition on or about August 28, 2009, and served Highlands on or about September 18, 2009.  The parties took the deposition of Highlands' corporate representative Keith Coble on May 18, 2010, and Kawasaki subsequently filed a notice of removal on June 1, 2010, based on a Texas statute that protects non-manufacturing sellers from product liability suits.

## III.    CONTENTIONS OF THE PARTIES[2]

### A.    The Plaintiffs' Contentions

The plaintiffs move to remand, asserting that they adequately pleaded exceptions to the statute involving non-manufacturing sellers.  The plaintiffs argue that Kawasaki's removal is procedurally defective and that the Court lacks subject matter jurisdiction over this action because diversity of citizenship is lacking.  They maintain that Highlands, a Texas resident, is a properly joined defendant because they have valid common law negligence claims against Highlands.  In this regard, the plaintiffs argue that Highlands is liable pursuant to TEX. CIV. PRAC & REM. CODE § 82.003(a)(3), because Highlands attached a fully-assembled brake system to the motorcycle and the alleged harm resulted from that assembly.

Further, the plaintiffs assert that Kawasaki's removal is untimely because removability was ascertainable upon the initial service of process.  The plaintiffs argue that because Kawasaki is familiar with its own policies, it could have ascertained removability at the time of service. The plaintiffs claim that their original petition pled specific facts that, if true, would have

---

[2] The Court will not be addressing all of these contentions in the sections below, because the Court determines that Kawasaki has waived its right to removal.

prevented removability. Alternatively, they argue that removal was apparent either upon Kawasaki's amended answers filed on December 3, 2009, or upon Highlands' discovery responses served on April 22, 2010. Accordingly, they assert that Kawasaki has failed to meet its burden of proving improper joinder and that this case should be remanded.

**B.       The Kawasaki's Contentions**

The Kawasaki argues that Highlands was improperly joined and that its citizenship should be disregarded. Kawasaki argues that removal was proper because the plaintiffs have failed to allege a reasonable basis for recovery against Highlands. Kawasaki claims that the plaintiffs' petition contains no specific factual allegations against Highlands that would support a cause of action against Highlands, the non-diverse defendant. Kawasaki alleges that the plaintiffs' failure to specify a factual basis for recovery against the non-diverse Highlands constitutes improper joinder.

Kawasaki also argues that Section 82.003(a)(3) precludes liability unless the nonmanufacturing seller has committed an error independently of the manufacturer, such as selecting the wrong component for installation. *See* TEX. CIV. PRAC & REM. CODE. Thus, Kawasaki argues that the Court should disregard Highlands' citizenship for purposes of determining diversity jurisdiction and should thereby deny the plaintiffs' motion to remand.

Finally, Kawasaki asserts that it timely filed its notice of removal. It contends that, to accept the plaintiffs' argument, Kawasaki would be forced to ignore the plaintiffs' clear pleadings and assume, without evidence, that Highlands was not engaged in "assembling" the rear brake system. Instead, Kawasaki believes that the removal standard is dictated by the plaintiffs' own pleadings rather than by what Kawasaki purportedly knew.

IV.    STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca,* 516 U.S. 124, 127-28 (1995).  A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion.  28 U.S.C. § 1447(c).  Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction.  *See* 28 U.S.C. 1441(a).  The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists.  *See* 28 U.S.C. § 1332(a).  "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."  *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992)).  In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992 (2005).  Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden.  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

To establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In this case, the parties do not dispute that one of the defendants is a Texas resident, thus the Court's analysis will focus only on the second prong of this test. Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647-48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood* at 573.

In deciding whether a defendant was improperly joined, the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the Court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood* at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule

12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory* at 309.  In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood* at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory* at 309.  This summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood* at 573-74 (citing *Irby*, 326 F.3d at 648-49).  The Fifth Circuit, nevertheless, has cautioned "district courts against pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

Further, a defendant seeking removal must do so in compliance with the time constraints set forth in 28 U.S.C. 1446(b).  Therefore, a defendant must file a notice of removal within thirty days of receipt of the initial pleading.  *Id.*  If removability is not ascertainable upon receipt of the initial pleading, then a defendant must seek removal within thirty days of learning of the grounds for removability, so long as that defendant files such notice within one year of the action's commencement.  *Id.*

## V.    ANALYSIS AND DISCUSSION

At issue is whether removal was proper and thus whether the Court has diversity jurisdiction over this dispute.  Both the plaintiffs and Highlands are Texas citizens.  The parties do not dispute that Kawasaki is diverse from the plaintiffs or that the requisite amount in controversy is met.  The question is simply whether Kawasaki's removal was timely.  The Court

determines that Kawasaki waived its right to removal because it did not timely remove within thirty days of being served on August 28, 2009.[3]

This case was removable when Kawasaki was served on August 28, 2009. The applicable removal statute states:

> The notice of removal of a civil action or proceeding shall be filed *within thirty days after the receipt by the defendant*, through service or otherwise, *of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based. . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b) (emphasis added). "[T]he first paragraph of section 1446(b) applies to cases which are removable as initially filed, the second paragraph applies to those cases which are not removable originally but become removable at a later time." *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000).[4]

A case is removable from its inception if the initial pleadings reveal the basis for federal jurisdiction. 28 U.S.C. 1446(b); *see also, Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (internal citation omitted). "[D]efendants have thirty days to remove a case once they discover the existence of fraudulent joinder." *Ayers v. Sears*, 571 F.Supp.2d 768, 772-73 (W.D. Tex. 2008) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814-15 (5th Cir. 1993)).

---

[3] The Court need only look at the plaintiffs' original petition and the date that Kawasaki was served to make this determination, not the date on which Highlands was served. However, even if the Court were to start the removal stopwatch when Highlands was served on September 18, 2009, the thirty-day window still closed on October 18, 2009 – well before Kawasaki removed the case on June 1, 2010.

[4] Furthermore, the language of the first paragraph of section 1446(b) is broader than that of the second; thus, the range of information that may make a case removable as initially filed is greater than that which may make a case removable at a later time. *Bosky v. Kroger Tex.,* 288 F.3d 208, 211 (5th Cir. 2002) (noting that "setting forth" is a broader term than "ascertained" and that the latter "seems to require a greater level of certainty" of facts that would support removal).

The removal clock began ticking when Kawasaki was served on August 28, 2009, and it stopped ticking on September 28, 2009.  Kawasaki did not need to look beyond the plaintiffs' initial pleading to determine whether Highlands was fraudulently joined.   The plaintiffs' original petition named both Kawasaki and Highlands as defendants, and it alleged that "[t]he motorcycle was sold and serviced by Highlands' [*sic*]."   The petition went on to aver:

> Highlands performed the pre-sale assembly, inspection and service of the subject motorcycle.   Additionally, Highlands performed the initial preventative maintenance/service of the motorcycle.  Highlands was negligent in the service of the motorcycle, such negligence was a proximate cause of [the plaintiff's] damages.

At the pleading stage, a plaintiff need only state "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. Rule. Civ. P. 8(a)(2).  The plaintiffs' original petition was sufficient to put Kawasaki on notice that it needed to seek removal by alleging improper joinder if it so desired.

Kawasaki directs the Court to the May 18, 2010, deposition of Keith Coble, Highlands' corporate representative, as providing the first evidence supporting its allegation that Highlands was fraudulently joined.  Kawasaki claims that it could not have known the extent of Highlands' involvement with the motorcycle prior to that date, and that thus the case did not become removable until that date.   However, in that very deposition, Coble stated that Kawasaki provided Highlands with a checklist to set up and deliver Kawasaki motorcycles.  Because Kawasaki made the checklist and provided it to Highlands, Kawasaki had sufficient information at its disposal to determine whether Highlands was properly joined from the moment Kawasaki was served on August 28, 2009.

Therefore, Kawasaki had until September 28, 2009 to file its notice of removal, pursuant to 28 U.S.C. § 1446(b).  And yet Kawasaki did not file a notice of removal until June 1, 2010,

several months after its removal window closed.  The removal procedure embodied in 1446(b) is a statutory grant of limited jurisdiction, and Kawasaki is not allowed to stretch that statutory grant beyond its permissible bounds.  Thus, the Court holds that Kawasaki's removal of this case was untimely, and the Court grants the plaintiffs' motion to remand.

VI.     **CONCLUSION**

Based on the foregoing analysis and discussion, the Court GRANTS the plaintiffs' motion to remand

It is so **ORDERED.**

SIGNED at Houston, Texas this 3rd day of December, 2010.

_____
Kenneth M. Hoyt
United States District Judge